UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| M & B OIL, INC., | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. 4:21-CV-00250-NCC |
| | ) | |
| FEDERATED MUTUAL INSURANCE | ) | |
| COMPANY and | ) | |
| CITY OF ST. LOUIS, | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff M&B Oil, Inc.'s Motion for Certification for

an Interlocutory Appeal (Doc. 52) and Defendant Federated Mutual Insurance Company's Rule

21 Motion to Sever (Doc. 58).  The motions are fully briefed and ready for disposition.  The

parties have consented to the jurisdiction of the undersigned United States Magistrate Judge

pursuant to Title 28 U.S.C. § 636(c) (Doc. 41).  For the following reasons, Plaintiff M&B Oil,

Inc.'s Motion for Certification for an Interlocutory Appeal (Doc. 52) will be **GRANTED** and

Defendant Federated Mutual Insurance Company's Rule 21 Motion to Sever (Doc. 58) will be

**DENIED**.

## I. Background

Plaintiff M&B Oil, Inc. ("Plaintiff") filed this action for breach of contract against

Defendant Federated Mutual Insurance Company ("Federated") (Count I) and for detrimental

reliance against Defendant the City of Saint Louis ("the City") (Count II) on June 5, 2020, in the

Circuit Court of Saint Louis City, Missouri (Doc. 4).  In the Petition, Plaintiff alleges that on

February 2, 2019, Plaintiff sustained damage due to a freezing water pipe on its property located

at 2501 N. Grand Blvd., St. Louis, MO 63106.  Plaintiff alleges that it relied on the City's

statement through the City of St. Louis Fire Department that the City was shutting off the water

to the premises.  However, the City did not shut off the water and did not advise either the Fire

Department or Plaintiff of this.  Plaintiff further alleges that Federated refused to provide

coverage for the damage incurred as a result of this incident and that the denial was vexatious

and in bad faith.  Specifically, Plaintiff alleges that "this refusal to pay the value of the damage

was vexatious and in bad faith as it was without reasonable cause or excuse, in that Defendant

has unreasonably delayed payment of the loss, and has no basis for not paying the claim other

than to unnecessarily delay payment, thereby entitling plaintiff to the penalties set for in Mo.

Rev. Stat. § 375.420, including attorneys' fees" (*Id.* at ¶10).  Plaintiff indicates that it sustained

damages to its premises in excess of $400,000.

On February 26, 2021, Federated removed the action to this Court, alleging that the Court

has subject matter jurisdiction pursuant to the Court's diversity jurisdiction under 28 U.S.C.

§ 1332(a) (Doc. 1).  Upon review of the Notice of Removal, the Court found Federated had not

met its burden to establish this Court's subject matter jurisdiction and directed Federated to show

cause why this action should not be remanded for want of jurisdiction (Doc. 13).  Federated

timely complied and the Court determined it properly had subject matter jurisdiction under the

doctrine of "snap removal" (Docs. 20, 30 at 1).  On April 5, 2021, Federated filed its Motion to

Dismiss Count I of Plaintiff's Complaint (Doc. 15).  Eleven days later, on April 16, 2021,

Plaintiff filed a Motion to File First Amended Complaint (Doc. 22).  Federated objected to the

amendment, again arguing that this was a further attempt to "mis-join" the City in an effort to

defeat this Court's jurisdiction (Doc. 26).  The City entered its appearance on May 18, 2021, and

subsequently filed a Motion to Dismiss relating to the original Complaint (Doc. 28).  The Court

2

granted Plaintiff leave to file his amended complaint under Federal Rule of Civil Procedure 15, noting the liberal standard set forth therein, and dismissed the Motions to Dismiss without prejudice in light of the amended complaint (Doc. 30).  Of note, Plaintiff's request was filed within the deadline set by Federal Rule of Civil Procedure 15(a)(1)(B) to file an amended complaint as a matter of course.

In its First Amended Complaint, Plaintiff amended its pleading as to Count II against the City and added a claim, Count III, for inverse condemnation against the City (Doc. 22-1). Specifically, in Count II, Plaintiff alleged that it relied on the statement of the City through the Water Department, not the Fire Department, that it was shutting off the water to the premises, but the City did not shut off the water and did not advise either the Fire Department or Plaintiff of this.  In Count III, Plaintiff alleged, the City's "use of its property, namely the water piping system, was unreasonable" causing damage to the property in excess of $400,000.  Count I against Federated remained unchanged.

Subsequently, Plaintiff moved to remand the amended pleading back to state court (Doc. 39) and Defendants renewed their motions to dismiss (Docs. 33, 35).  The Court denied Plaintiff's motion to remand, denied Federated's motion to dismiss, and granted, in part, and denied, in part the City's motion to dismiss (Doc. 49).  The Court dismissed Count II of Plaintiff's amended complaint, the claim of detrimental reliance against the City, with prejudice and dismissed Count III, the claim of inverse condemnation against the City, without prejudice and with leave to again amend its complaint within seven days (*Id.*).  Relevant to the current motion for certification for an interlocutory appeal, the Court denied Plaintiff's motion for remand finding that the "snap removal" doctrine continued to apply to Plaintiff's amended complaint.  On August 10, 2021, Plaintiff timely filed its Second Amended Complaint.

3

Plaintiff has now filed a Motion for Certification for an Interlocutory Appeal pursuant to 28 U.S.C. § 1292(b) (Doc. 52) and Federated has filed a Rule 21 Motion to Sever (Doc. 58).  As the Motion to Sever could be dispositive of the subject matter jurisdiction at issue underlying the Motion for Certification for an Interlocutory Appeal, the Court will first address the Motion to Sever.

## II. Analysis

### A. Motion to Sever

Federated seeks to sever Count II of Plaintiff's Second Amended Complaint from Count I of that complaint (Doc. 58).  Specifically, Federated asserts that the claim for breach of an insurance policy presented in Count I of the Second Amended Complaint shares no common questions of law or fact with the claim for "inverse condemnation" against the City in Count II (Doc. 59 at 2).  Federated further asserts that different witnesses and documentary proof will be necessary to address the distinct claims presented (*Id.*).  Federated additionally argues that judicial economy will be facilitated, and prejudice avoided, if the claims are severed as severance will resolve the jurisdictional issues that have been the focus of these proceedings since removal, permitting the parties to finally address the merits of the claims (*Id.*).  Plaintiff objects, arguing that the damages and occurrence—the water leak—are the same (Doc. 60).  In reply, Federated argues that while the underlying leak is the same, the claims are different—Plaintiff argues that the City failed to shut off water to the insured's building whereas Plaintiff asserts Federated failed to indemnify Plaintiff under the subject policy for the damages resulting from the leak (*Id.* at 3).

Parties may be joined in one action as defendants if, as relevant here: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out

4

of the same occurrence; and (B) any question of law or fact common to all defendants will arise in the action. Fed. R. Civ. P. 20(a)(2). Rule 20 permits "all reasonably related claims for relief by or against different parties to be tried in a single proceeding. Absolute identity of all events is unnecessary." *In re Prempro Prod. Liab. Litig.*, 591 F.3d 613, 622 (8th Cir. 2010) (internal quotation marks omitted). "The purpose of the Rule is to entertain the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *J.P. by Ogden v. Belton Sch. Dist. 124*, No. 4:20-CV-00189-NKL, 2020 WL 4059736, at *2 (W.D. Mo. July 20, 2020). "In ascertaining whether a particular factual situation constitutes a single transaction or occurrence for purposes of Rule 20, courts generally apply a case by case approach." *Loy v. BMW of N. Am., LLC*, No. 4:19-CV-00184 JAR, 2019 WL 6250844, at *4 (E.D. Mo. Nov. 22, 2019). The Court may sever any claim against a party who has been misjoined. Fed. R. Civ. P. 21. Whether to sever a claim lies within the district court's broad discretion. *Banks v. Cotter Corp. (N.S.L.)*, No. 4:20-CV-01227-JAR, 2020 WL 7625088, at *6 (E.D. Mo. Dec. 22, 2020); *Berkley Assurance Co. v. BMG Serv. Grp.*, LLC, No. 4:18-CV-02082-SEP, 2020 WL 5632440, at *10 (E.D. Mo. Sept. 21, 2020).

The Court finds that severance is not warranted in this instance. Federated correctly distinguishes the nature of the claims, noting that the claim against the City lays in tort for its alleged failure to shut the water off, while the core issue against Federated is a breach of contract claim for its alleged refusal to pay under the insurance policy. However, to categorize these claims as independent transactions and occurrences is inaccurate. While the legal analysis may differ across the claims, the underlying occurrence—the water leak—is the same. Indeed, both claims will require addressing many of the same questions of fact as the cause of the water leak and damage caused by it are relevant to both causes of action and the defenses raised by

Defendants.  Further, the Court cannot find that Federated would be unduly prejudiced by any delay addressing these matters as extended litigation regarding the Court's jurisdiction was reasonably foreseeable; Federated removed this nondiverse action under two theories of law—"snap removal" and misjoinder—neither of which has been fully addressed by the Eighth Circuit. *Tillman v. BNSF Ry. Co.,* No. 1:20 CV 00178 SNLJ, 2021 WL 842600, at *2 (E.D. Mo. Mar. 5, 2021) (noting the Eighth Circuit Court of Appeals has yet to address the propriety of "snap removal"); *Graham v. Mentor Worldwide LLC*, 998 F.3d 800, 803 n.3 (8th Cir. 2021) (again declining to adopt or reject the doctrine of fraudulent misjoinder).  Thus, the Court will deny Federated's Motion to Sever.

**B. Motion for Certification for an Interlocutory Appeal**

Plaintiff requests the Court certify its decision denying Plaintiff's Motion to Remand for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) (Doc. 52).  Specifically, Plaintiff seeks certification in this instance to address whether "snap removals" are permitted and if they are permitted when an amended complaint has been lodged (Doc. 53 at 1).  Federated responds in opposition specifically arguing that Plaintiff has not met its burden because this is not an extraordinary case where interlocutory review might aid in avoiding protracted and expensive litigation, there are no substantial grounds for a difference of opinion, and certification will not materially advance the ultimate termination of this litigation (Doc. 55 at 4, 8).  In its reply, Plaintiff asserts that certification is warranted as a controlling question of law is presented because there are no facts in dispute and the matter involves an issue of subject matter jurisdiction, there are grounds for debate as to these issues, and the Eighth Circuit has considered the denial of a motion to remand an "extraordinary case" warranting certification in the past (Doc. 57).

6

Section 1292(b) of Title 28 of the United States Code provides a mechanism for a district court to grant an appeal on an otherwise non-final order. In order to satisfy section 1292(b), a case must involve an issue that concerns "(1) a controlling question of law as to which there is (2) a substantial ground for difference of opinion and upon which (3) a decision will materially advance the ultimate outcome of the litigation." *Paschall v. Kansas City Star Co.*, 605 F.2d 403, 406 (8th Cir. 1979). Imbedded in these factors is a ripeness requirement. *See id.* This is because "[t]he purpose of section 1292(b) is not to offer advisory opinions 'rendered on hypotheses which (evaporate) in the light of full factual development.'" *Id.* (quoting *Minnesota v. United States Steel Corp.*, 438 F.2d 1380, 1384 (8th Cir. 1971)). A district court must therefore ensure that factual issues are sufficiently resolved before granting certification. *See S.B.L. v. Evans*, 80 F.3d 307, 311 (8th Cir. 1996).

Moreover, "the requirements of § 1292(b) are jurisdictional," and this "jurisdictional analysis is guided by the policy embodied in the final judgment rule." *White v. Nix*, 43 F.3d 374, 376 (8th Cir. 1994). *See also Lloyd's Acceptance Corp. v. Affiliated FM Ins. Co.*, 557 F. App'x 618, 619 (8th Cir. 2014). That is, it has "long been the policy of the courts to discourage piece-meal appeals because most often such appeals result in additional burdens on both the court and the litigants" and accordingly, "permission to allow interlocutory appeals should thus be granted sparingly and with discrimination." *White*, 43 F.3d at 376 (quoting *Control Data Corp. v. Int'l Bus. Machs. Corp.*, 421 F.2d 323, 325 (8th Cir. 1970)). Indeed, those seeking an interlocutory appeal have the "heavy burden" of demonstrating that a case is "exceptional" and therefore merits immediate appeal. *White*, 43 F.3d at 376. *See also Alchemy Advisors, LLC v. Cedarburg Pharm., Inc.*, No. 4:08–CV–1964–FRB, 2010 WL 56012 (E.D. Mo. Jan. 4, 2010).

The Court finds certification warranted to address both whether "snap removals" are

permitted in this circuit and, if so, under what circumstances amendments could warrant remand essentially nullifying the removal based on the doctrine of "snap removal." These matters are controlling questions of law in this case and present no issues of fact which would otherwise resolve them. They also involve substantial grounds for a difference of opinion. As noted by the Court in its order, and by Plaintiff in its motion, the Eighth Circuit has not yet addressed the propriety of "snap removals" leading to a variety of divergent approaches in this District. *Tillman,* 2021 WL 842600, at *2 (collecting cases). Further, while the Court technically granted Plaintiff leave to file an amended complaint, it did so as a matter of pro forma as Plaintiff could have amended its complaint in this instance by right as Plaintiff's request to amend was filed within 21 days of Federated's Motion to Dismiss. *See* Fed. R. Civ. P. 15(a)(1)(B). Thus, the Court also certifies the question as to the impact amended complaints will have on "snap removals," whether the amendment is one of right or one predicated on the Court's leave. As this is a jurisdictional matter which may result in the remand of this action to state court, the Court further finds that resolution of these issues will materially advance the ultimate outcome in this matter. At this stage, it would benefit both parties and the orderly administration of justice if an early determination of jurisdiction is made. *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 972 (8th Cir. 2011) (finding certification warranted on denial of motion for remand); *Rico v. Flores*, 481 F.3d 234, 238 (5th Cir. 2007) (same).

### III. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff M&B Oil, Inc.'s Motion for Certification for an Interlocutory Appeal (Doc. 52) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Federated Mutual Insurance Company's

Rule 21 Motion to Sever (Doc. 58) is **DENIED**.

Dated this 26th day of October, 2021.

/s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE

9